

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-19-2003

# USA v. Brown

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-3660

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Brown" (2003). *2003 Decisions.* Paper 100.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/100

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 02-3660

UNITED STATES OF AMERICA

v.

TODD BROWN
a/k/a
ZACHARY BROWN

Todd Brown,

Appellant

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(Crim. No. 99-cr-00024-4)
District Court: Hon. James McGirr Kelly

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 6, 2003

Before: McKEE and SMITH, *Circuit Judges*,
and GREENBERG, *Senior Circuit Judge*

(Opinion Filed: November 19, 2003)

OPINION

McKEE, *Circuit Judge*.

Todd Brown appeals from the district court's sentence of conviction and judgment.

However, because we find that there are no conceivable non-frivolous issues present in

the record, we will dismiss the appeal pursuant to *Anders v. California*, 386 U.S. 738

(1967).

## I.

Inasmuch as we write only for the parties, it is not necessary to recite the facts of this case. It is sufficient to note for our purposes that on August 18, 1999, a superseding indictment was returned by a federal grand jury charging Brown with conspiracy to commit armed bank robbery in violation of 18 U.S.C. § 371 (Count One); aiding and abetting an armed bank robbery in violation of 18 U.S.C. §§ 2113(d) and 2 (Count Two); aiding and abetting the carrying and use of a firearm during a crime of violence in violation of 18 U.S.C. §§ 924(c)(1) and 2 (Count Three); conspiracy to commit armed bank robbery in violation of 18 U.S.C. § 371 (Count Seven); aiding and abetting an armed bank robbery in violation of §§ 2113(d) and 2 (Count Eight); and aiding and abetting the carrying and use of a firearm during a crime of violence in violation of 18 U.S.C. §§ 924(c)(1) and 2.

On March 31, 1999, Brown pled guilty to all six counts of the indictment and agreed to cooperate with the government pursuant to a written plea agreement. During the guilty plea colloquy, the government set forth the factual basis for Brown's guilty plea to Counts One through Three, Seven and Nine of the superseding indictment. Brown agreed with the government's statement of the facts, and did not object to the Presentence Investigation Report. Brown faced an effective sentencing guideline range of 397-421 months imprisonment. However, the district court granted the government's motion for

downward departure for substantial assistance, pursuant to both 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1.

Consequently, on September 10, 2002, Brown was sentenced to concurrent 50 month sentences of imprisonment on Counts One and Seven, and concurrent 50 month sentences of imprisonment on Counts Two and Eight to run consecutively to the sentence on Counts One and Seven, 50 months imprisonment on Count Three to run consecutively to any other sentence, 50 months imprisonment on Count Nine to run consecutively to any other sentence (for a total of 200 months); five years supervised release, restitution of $507,100 and a $600 special assessment. Thereafter, Brown filed a timely notice of appeal.

## II.

Brown's appointed appellate counsel has filed an *Anders* brief stating that he is unable to identify any non-frivolous issue for review. An appointed appellate counsel who "finds [a] case to be wholly frivolous, after a conscientious examination of" the case, must so advise the court of appeal and request permission to withdraw. *Anders v. California*, 386 U.S. 738, 744 (1967). Counsel's request must be accompanied by a "brief referring to anything in the record that might arguably support the appeal." *Id.* That is to say, the brief must identify any "issue arguably supporting the appeal even though the appeal was wholly frivolous," *Smith v. Robbins*, 528 U.S. 259, 285 (2000), "explain why the issues are frivolous," *United States v. Marvin*, 211 F.3d 778, 781 (3d

3

Cir. 2000), and show that counsel "thoroughly scoured the record in search of appealable issues." *Id.* at 780; *see also United States v. Youla*, 241 F.3d 296, 300 (3d Cir.2001).

Defense counsel's *Anders* brief has referred us to the portions of the record that arguably present non-frivolous issues and has identified the following issues: (1) Did the district court have jurisdiction to accept Brown's guilty plea as to Counts One, Two, Three, Seven, Eight and Nine of the superseding indictment? (2) Was Brown's guilty plea valid in light of controlling constitutional and statutory standards? (3) Did the district court impose a legal sentence?

However, counsel has concluded that any claim of error would be frivolous. We agree.[1] The district court had jurisdiction pursuant to 18 U.S.C. § 3231, the guilty plea clearly met the standards of *Boykin v. Alabama*, 395 U.S. 238 (1969) and Fed.R.Crim.P. 11, and the sentence was imposed in accordance with the sentencing guidelines. Accordingly, the plea waived all non-jurisdictional claims Brown may have had. In addition, we note that Brown's counsel provided a copy of his brief to Brown, who was given time to raise any non-frivolous arguments in a *pro se* brief, and that Brown has not

---

[1] Brown's counsel has suggested that the guilty plea colloquy may have been deficient regarding the district court's obligation to advise the defendant about the consequences of a violation of supervised release. We disagree. In fact, the district court's extensive guilty plea colloquy complied with every requirement of Fed.R.Crim.P. 11, including this one. The district court explained the concept of supervised release to Brown, including the fact that a violation may result in additional incarceration and also advised Brown of the maximum terms of supervised release for each count of conviction.

filed such a brief.

## III.

Accordingly, we will affirm the sentence of conviction and judgment.

---

TO THE CLERK OF THE COURT:

Please file the foregoing Opinion.

/s/ Theodore A. McKee
Circuit Judge